IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. COLLINS BEY,

                Plaintiff,

v.                                            ORDER

SARAH GILLES,                            17-cv-293-jdp

                Defendant.

---

      Pro se plaintiff Robert L. Collins Bey, a prisoner at the Wisconsin Secure Program Facility, brings claims that the WSPF librarian, defendant Sarah Gilles, would not allow him to receive magazines while he was in administrative confinement status. Gilles has filed a motion for summary judgment. In lieu of summary judgment opposition materials, Collins Bey has filed a motion for the court's assistance in recruiting counsel, Dkt. 16, and a motion for a ruling on that motion, Dkt. 25.

      Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who have declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id*. at 655; *see also Young v. Cramer*, No. 13-cv-77, 2013

WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013). Collins Bey says that three law firms have turned him down. That is sufficient to meet this part of the test.

But I will deny Collins Bey's motion because I am not convinced that the case is too complex for him. In one of Collins Bey's other recent cases in this court, no. 13-cv-618-jdp, I allowed his court-recruited attorneys to withdraw after he sexually harassed them, so I am not inclined to recruit counsel for him unless it is absolutely necessary. Without seeing Collins Bey's summary judgment opposition materials, I cannot tell what issues the parties genuinely dispute, so the necessity of counsel remains unclear. He states that he suffers from mental illness that will prevent him from litigating the case, but he has been able to file submissions in this and his other cases, including a relatively well-presented summary judgment opposition in the '618 case. I will dismiss his motion without prejudice, but I will give him a final chance to submit a brief in opposition to the motion for summary judgment, proposed findings of fact, and supporting evidence.

Collins Bey has also filed a letter that I construe as a notice of his consent to a magistrate judge presiding over his case. Under 28 U.S.C. § 636(c)(1), the district court may refer a case to a magistrate judge when all parties agree to do so. The Wisconsin Department of Justice has already agreed to consent to Magistrate Judge Stephen Crocker presiding over this court's prisoner cases. But the court retains discretion to retain jurisdiction over a case even when both sides consent to a magistrate judge's jurisdiction. I see no reason to transfer the case to Magistrate Judge Crocker, and a significant reason to keep the case: Collins Bey is already litigating his two other pending cases before me. There is no reason to split his cases among the judges of this district, so I will deny his request to have the magistrate judge hear the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert L. Collins Bey's motion for a ruling on his motion for the recruitment of counsel, Dkt. 25, is GRANTED.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 16, is DENIED without prejudice.

3. Plaintiff's motion regarding consent to a magistrate judge, Dkt. 26, is DENIED.

4. Plaintiff may have until October 19, 2018, to file materials opposing defendant's motion for summary judgment. Defendant may have until October 30, 2018, to file a reply.

Entered September 28, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge